UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDULLAH SPENCER NIMHAM EL DEY,

                Plaintiff,

      -against-

DOC, et al.,

                Defendants.

22-CV-4027 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is detained on Rikers Island, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. He is barred, however, from filing any new federal civil action IFP while he is a prisoner.[1] *See Spencer Nimham El Dey v. DOC*, ECF 1:22-CV-4028, 4 (S.D.N.Y. July 7, 2022). That decision relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Here, Plaintiff's complaint does not show that he is in imminent danger of serious physical injury.[2] Instead, Plaintiff alleges that correction officers stole his personal property. He is therefore barred from bringing this action IFP.

---

[1] Plaintiff filed this action prior to entry of the bar order. However, as the bar order found, he accumulated the three strikes before he filed this action, he was effectively barred under 28 U.S.C. § 1915(g) before filing this complaint.

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

## CONCLUSION

The Court denies Plaintiff IFP status and dismisses this action without prejudice under the PLRA's "three-strikes" rule. 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[4] *Id.* All other pending matters in this case are terminated.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 14, 2022
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[3] Plaintiff may commence a new federal civil action by paying the appropriate fees. If he does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights action from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The court may also bar any vexatious litigant (including a nonprisoner) from filing future civil actions (even if the fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).