UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDULLAH SPENCER NIMHAM EL DEY,

                    Plaintiff,

         -against-

DOC, et al.,

                   Defendants.

1:22-CV-4027 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order and judgment dated and entered on July 14, 2022, the Court dismissed this *pro se* action. (ECF 6 & 7.) On March 14, 2024, Plaintiff filed a "motion for reconsideration."[1] (ECF 9.) The Court liberally construes Plaintiff's motion as one seeking relief from an order or judgment, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," "leniency in the enforcement of other procedural rules," and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's motion, the Court must deny the motion.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

---

[1] Plaintiff initiated this action while he was incarcerated, but he filed the present motion while he was no longer incarcerated.

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on Rule 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court entered the judgment dismissing this action on July 14, 2022. (ECF 7.) Plaintiff filed the present motion on March 14, 2024, one year and eight months after the judgment had been entered; he was not incarcerated when he filed it. (ECF 9.) Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(1), (2), and/or (3), the Court denies his motion as untimely.

In addition, notwithstanding the Court's denial of relief under Rule 60(b)(1), (2), and/or (3) above, the Court has considered Plaintiff's arguments and, even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in Rule 60(b)(1) through (5) applies. Plaintiff states that he seeks "reconsideration" because his "ongoing medical conditions[] have been responsible for [his] unfortunate circumstances causing [his] delay in a more adequate handling of" this action. (ECF 9, at 1.) While the Court understands that Plaintiff's medical situation may have complicated his litigation of this action, that is not a ground for relief under Rule 60(b)(1) through (5). The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court also denies Plaintiff that relief. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in

clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b) cannot circumvent the one-year limitation period applicable to claims brought under Rule 60(b)(1) through (3) by invoking Rule 60(b)(6). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted).

Even assuming that Plaintiff filed the present motion in a reasonable amount of time, he has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court construes Plaintiff's "motion for reconsideration" (ECF 9) as a motion seeking relief from an order or judgment, brought under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 2, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge